**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.M.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 24-11374**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff M.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits and supplemental security income, alleging disability beginning February 27, 2015. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on September 13, 2023, and the ALJ issued an unfavorable decision on May 18, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 18, 2023, the ALJ found, at step two, that Plaintiff had the

following severe impairments: multiple sclerosis, spine disorder, depressive disorder (schizoaffective disorder, bipolar disorder), anxiety disorder, right kidney stone with right hydronephrosis, status post lithotripsy, asthma, and stenting. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work with several exertional and non-exertional limitations. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because the ALJ's RFC determination was not supported by substantial evidence. Specifically, Plaintiff argues the ALJ erred in making his RFC assessment because he: (1) did not incorporate the medical opinion of Plaintiff's primary care physician, Dr. Zhou, (see Pl.'s Br. at 17-20), and (2) found Plaintiff's own self-described limitations to be inconsistent with the record as a whole (see Pl.'s Br. at 21-22). In all, Plaintiff asserts that "Dr. Zhou's opinion and [Plaintiff]'s statements, combined with the longitudinal record, clearly describe greater limitations than the ALJ's RFC and unequivocally establish that she is 'disabled' pursuant to SSA's definition." (Pl.'s Br. at 14).

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen

v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

At step four, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. In deciding Plaintiff's RFC, the ALJ found that Plaintiff could perform less than a full range of light work with the following limitations:

> She could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, sit for 6 hours, and stand and/or walk for 4 hours – combined. The claimant could push and/or pull as much as she could lift and/or carry. She could handle and finger items frequently with her left hand. She could climb ramps and stairs occasionally, but she could never climb ladders, ropes, or scaffolds. She could balance occasionally–according to the SCO, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. She could never work at unprotected heights or around hazardous moving mechanical parts. She could occasionally work in the presence of humidity, wetness, temperature extremes, and could occasionally tolerate exposure to dust, odors, fumes, and other pulmonary irritants. Finally, the claimant was able to perform simple routine and repetitive tasks not at a production rate of pace, to make simple work-related decisions, and to interact occasionally with supervisors, coworkers, and the public.

(Tr. 703-704). Plaintiff's first objection to the RFC is that the limitations of "[s]he could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, sit for 6 hours, and stand and/or walk for 4 hours – combined" are flatly contradicted by the medical opinion of Dr. Zhou. (Pl.'s Br. at 15. 17-20). According to Plaintiff, the ALJ failed to sufficiently explain why he found this opinion unpersuasive and that, to the extent he did so, his analysis was wrong because the ALJ

essentially "substitute[d] his . . . lay opinion for that of a medical expert." (Pl.'s Br. at 18).

In January of 2020, during the period at issue, Dr. Zhou opined that Plaintiff could lift no more than ten pounds and that she could only stand and/or walk for less than two hours total per day. (Tr. 488). Of course, Plaintiff is correct that this is in direct contradiction with the ALJ's ultimate RFC in which the ALJ determined that Plaintiff could lift up to 20 pounds occasionally and stand and/or walk for four hours. So, the Court must answer the following questions: first, did the ALJ adequately explain why he found this opinion unpersuasive and second, was the RFC that he *did* adopt, which was less restrictive than Dr. Zhou's opinion, supported by evidence of record?

In assessing Plaintiff's RFC, the ALJ had to explain how persuasive he found Dr. Zhou's opinion, focusing on its supportability and consistency. See 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions . . . The factors of supportability. . . and consistency. . . are the most important factors we consider."). Because the ALJ in this case sufficiently explained why he found Dr. Zhou's opinion unpersuasive, Plaintiff's challenge on this front fails.

The ALJ explicitly stated that he found Dr. Zhou's opinion both unsupported by his own report and inconsistent with the medical record as a whole. (Tr. at 709). First, the ALJ found Dr. Zhou's highly restrictive opinion unsupported by his own report because that report contained only two clinical findings—"unsteady gait" and "left side weakness"—and no other "clinical examination findings or results of imaging or other testing." (Id.; see Tr. at 487-88, 500). In short, the ALJ found a large "logical gap" between the restrictiveness of Dr. Zhou's assessment and what Dr. Zhou's underlying report could actually substantiate. (Id. at 709). As to consistency, the ALJ explained that he found Dr. Zhou's opinion at odds with the weight of the medical evidence of record in this case. (Id.). In so explaining, the ALJ cited dozens of pieces of the record to draw

contrast between the view of Dr. Zhou and the rest of the evidence. (See id. ("[Dr. Zhou's assessment] compare to Ex. 3F at 2, 3, 12, 13, 19; Ex. 5F at 1, 2, 3; Ex. 6F at 1; Ex. 10F at 3, 4, 7; Ex. 12F at 84; Ex. 16F at 2, 3, 5,6, 7, 8, 9, 10, 11; Ex. 18F at 4, 5, 11, 14; Ex. 19F at 4, 5, 9; Ex. 23F at 1; Ex. 24F at 6, 8, 19, 20; Ex. 27F at 1, 2, 36, 37, 38, 39, 40, 41, 42, 44)." As just one example of many, the ALJ cited the examination done by Dr. Konstantin Balashov in which Dr. Balashov specifically indicated, in contrast to the determination of Dr. Zhou, that Plaintiff had "[n]ormal gait. Tandem gait is normal." (Tr. at 455). Accordingly, the ALJ sufficiently explained why he found Dr. Zhou's opinion unpersuasive.

In addition to laying out why he considered Dr. Zhou's assessment unpersuasive, the ALJ explained how the evidence of record affirmatively supported his RFC determination. The ALJ considered the medical opinions of State agency examiners Drs. Simpkins and Callendar, and consultative examiner Dr. Potashnik. He found these opinions partially or fully persuasive and cited, again, to dozens of pieces of the record with which these findings were consistent. (Tr. at 709-710). These opinions substantiate the ALJ's RFC determination. For example, Dr. Simpkins explicitly stated in her opinion that Plaintiff could occasionally lift/and or carry up to 20 pounds and could frequently lift and/or carry up to 10 pounds, as well as stand and/or walk for 4 hours in a day. (Tr. at 107).[1] Dr. Callendar opined, among other things, that Plaintiff only had moderate non-significant limitations in her ability to interact with others and her ability to sustain

[1] The ALJ found Dr. Simpkins's opinion consistent with the medical evidence of record and cited to a number of underlying reports which, in the ALJ's view, substantiated Dr. Simpkins's position. For avoidance of doubt, the Court looked to these records and finds that there is support for Dr. Simpkins's assessment as to Plaintiff's ability to occasionally lift and/or carry up to 20 pounds and frequently do so up to 10 pounds, as well as to sit and/or stand for up to four hours, during the relevant disability period. (See Tr at 455 (2019 assessment by Dr. Balashov noting Plaintiff's muscle strength was decreased but, for example, still at a "5-/5" on the right side and "4/5" on the left leg, and that coordination and gait was still normal); Tr. at 1113 (June 2020 assessment by Dr. Balashov finding somewhat decreased but fairly similar muscle strength as well as normal coordination and the ability to walk without support, and noting "slow clinical progression" of Plaintiff's Multiple Sclerosis); Tr. at 1597 (June 2020 assessment by Dr. Zhou noting "motor strength normal upper and lower extremities, sensory exam intact.")).

concentration. (Tr. at 132). These findings are consistent with the ALJ's stated RFC and constitute substantial evidence supporting that RFC determination.

Finally, Plaintiff argues that the ALJ failed to perform a proper evaluation of Plaintiff's subjective complaints. (Pl.'s Br. at 21-22). The ALJ, however, did assess Plaintiff's subjective complaints and explained that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence in the record. Accordingly, he was not bound by Plaintiff's statements. Chandler, 667 F.3d at 363 ("Although any statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them."). (citations and quotations omitted). In a multi-page march through the evidence of record, the ALJ carefully explained how, in his view, Plaintiff's subjective complaints were not substantiated by the medical evidence. (See, e.g., Tr. at 705 (finding that "[t]he diagnostic studies did not support, throughout the relevant period, [Plaintiff]'s allegations regarding the extent of her limitations[,]" and then explaining those specific diagnostic studies)). In short, the ALJ did just as the relevant regulations require, and supported his decision with substantial evidence. 20 C.F.R. § 404.1529(c)(4);[2] Sternberg v. Comm'r of Soc. Sec., 438 F. App'x 89, 96 (3d Cir. 2011) ("In his review of the record, the ALJ comprehensively recounted [the plaintiff]'s subjective complaints of pain and properly pointed to evidence in the record to support his conclusion that they were not entirely credible.").

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by

[2] "We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence . . . We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you."

substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 29th, 2026